# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of: | ) | |
| | ) | |
| information about the location of the cellular telephones assigned call numbers (414) 888-3938 and (414) 732-4951, whose service provider is Sprint, a wireless telephone service provider headquartered at 6200 Sprint Parkway in Overland Park, Kansas | ) ) ) ) ) | Case No. 19-MJ-1362 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A2.

over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711, there is now concealed:

See Attachment B2.

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Section 3148.

The application is based on these facts: See attached affidavit.

☒ Delayed notice of 30 days (give exact ending date if more than 30 days) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brian Nodes, Deputy Marshal, U.S. Marshals Service
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: 12/6/19

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge
*Printed Name and Title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATIONS FOR SEARCH WARRANTS

I, Brian Nodes, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of applications for search warrants under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephones assigned call numbers (414) 888-3938 and (414) 732-4951, (the "Target Cell Phones"), whose service provider is Sprint, a wireless telephone service provider headquartered at 6200 Sprint Parkway in Overland Park, Kansas. The Target Cell Phones are described herein and in Attachments A1 and A2, and the location information to be seized is described herein and in Attachment B1 and B2.

2.     I am employed as a Deputy with the United States Marshals Service and have held that position for approximately 10 years. As part of my duties, I conduct investigations to locate federal and state fugitives.

3.     In December 2008, I completed a 12-week training course at the Federal Law Enforcement Training Center located in Glynco, Georgia. In March 2009, I also completed the Basic Deputy Course, a six-week course at the U.S. Marshals Service Training Academy located in Glynco, Georgia. I have had both formal training and have participated in several investigations that utilize various electronic surveillance techniques. These techniques have proven to be useful in locating individuals who are actively avoiding arrest.

4.     I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated pursuant to 18 U.S.C. § 2711(3)(A)(i).

7.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 3148 have been committed, are being committed, and will be committed by Julion S. Griffin, also known as Jewel D. Griffin. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the apprehension of Julion S. Griffin, also known as Jewel D. Griffin, a person to be arrested within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

8.     I am involved in a criminal investigation of a violation of the conditions of supervised release, in violation of Title 18, United States Code, Section 3148. On or about July 9, 2019, an indictment was filed against Julion S. Griffin, also known as Jewel D. Griffin—the subscriber of the Target Account—in Case No. 19-CR-124. In that indictment, the Grand Jury charged the defendant with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2

9.      The defendant was arrested on an arrest warrant and arraigned on July 29, 2019. The defendant was temporarily detained. On July 31, 2019, the Court released the defendant with conditions pending trial, over the objection of the United States. Those conditions required the defendant to appear in court as required, advise the court or pretrial services office or supervising officer in writing before making any change of residence or telephone number, submit to supervision by and report for supervision to the pretrial services office as directed, and submit to location monitoring as directed by the pretrial services office or supervising officer. In that order, the defendant was advised of the penalties for violating the conditions of release and signed an acknowledgment to that effect on July 30, 2019.

10.     On October 10, 2019, the defendant advised the pretrial service officer of a residence change, but never provided an address. Later that day, the pretrial service officer received an alert that the defendant had cut off his location monitoring device. In response, the pretrial services officer attempted to contact the defendant multiple times with no response.

11.     The United States District Court for the Eastern District of Wisconsin issued an arrest warrant for the defendant as a result of a violation of his release conditions on October 11, 2019.

12.     The United States Marshals Service has been enlisted to locate and apprehend the defendant. As of today, the defendant's whereabouts remain unknown, and the arrest warrant remains unexecuted.

13.     I received information from the pretrial service office that Julion S. Griffin (DOB: 12/29/1990) uses an alias of Jewel D. Griffin, as reflected in the indictment. The U.S. Marshals Service conducted a reference check on the defendant, which included comparing Julion Griffin's

3

booking photograph to the Wisconsin Department of Transportation's driver's license photograph of Jewel D. Griffin.

14. I have conducted surveillance of locations associated with the defendant. On December 5, 2019, the U.S. Marshals Great Lakes Regional Fugitive Task Force in Milwaukee conducted a surveillance operation for the defendant. During the investigation, I learned that the defendant had a relationship with Kayla Smith (DOB: 09/04/1995) and identified a black 2009 Audi A6 bearing Wisconsin license plate AHE-7095 that was registered to her at 5270 North 91st Street, Unit 7 in Milwaukee, Wisconsin.

15. On December 5, 2019, U.S. Marshals located that vehicle parked in a driveway in the vicinity of 101-107 West Meinecke Avenue in Milwaukee. Investigators later observed Griffin approaching the vehicle, open the driver's side door, and then reverse the vehicle into the street. Investigators approached the defendant, activated emergency lights and sirens, and attempted to conduct a positive vehicle containment, a law enforcement technique to stop and contain a vehicle in an effort to avoid a vehicle pursuit.

16. Investigators made vehicle contact with the passenger door side of Griffin's vehicle, while two other law enforcement vehicles approached from the driver's side. Upon observing the law enforcement vehicles, the defendant placed his vehicle into drive and drove forward, breaking containment from law enforcement. The defendant then fled at a high rate of speed westbound on Meinecke Avenue. Investigators continued to follow the defendant with emergency lights and sirens activated. The defendant did not stop, but instead led investigators on a high-speed pursuit. Investigators continued for

4

approximately 0.8 miles before terminating the pursuit. During that pursuit, the defendant disregarded four stop signs and reached speeds between 80 and 100 miles per hour.

## TARGET PHONE NUMBERS

17.     On December 6, 2019, I spoke with Kayla Smith, the defendant's girlfriend. Ms. Smith provided me with two phone numbers, which she uses to contact the defendant—(414) 888-3938 and (414) 732-4951. Ms. Smith indicated that she communicates regularly with the defendant on those phone numbers. Ms. Smith indicated that she last spoke with the defendant at those numbers on December 6, 2019.

18.     On December 6, 2019, the target phone numbers were run through Zetx and the cellular provider was confirmed as Sprint.

19.     In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not

5

necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

20.     Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on Sprint's network or with such other reference points as may be reasonably available.

21.     Based on my training and experience, I know that Sprint can collect cell-site data about the Target Cell Phones.

## AUTHORIZATION REQUEST

22.     Based on the foregoing, I request that the Court issue the proposed search warrants, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

23.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

6

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24.     I further request that the Court direct Sprint to disclose to the government any information described in Attachments B1 and B2 that is within the possession, custody, or control of Sprint for a time period of 45 days from the date the warrant is signed. I also request that the Court direct Sprint to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachments B1 and B2 unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phones on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

25.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phones outside of daytime hours.

7